[843 NYS2d 90]

In the Matter of NANCY E. O'BRIEN, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, September 11, 2007

## APPEARANCES OF COUNSEL

*Rita E. Adler*, Hauppauge (*Stacey J. Sharpelletti* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

On or about May 26, 2005, informations were filed in the City Court of the City of Long Beach charging the respondent with operating a motor vehicle while intoxicated, in violation of Vehicle and Traffic Law § 1192 (3), and aggravated unlicensed operation of a motor vehicle in the first degree, in violation of Vehicle and Traffic Law § 511 (3) (a) (i), based on an incident which occurred on May 25, 2005. The respondent executed a waiver of indictment, consenting to be prosecuted by superior court information to be filed by the Nassau County District Attorney.

On August 4, 2005, the respondent entered a plea of guilty in the County Court, Nassau County, before the Honorable Richard A. LaPera, to operating a motor vehicle while under the influence of drugs or alcohol, in violation of Vehicle and Traffic Law § 1192 (3), a class E felony (*see* Vehicle and Traffic Law § 1193 [1] [c] [i]), and aggravated unlicensed operation of a motor vehicle in the second degree, in violation of Vehicle and Traffic Law § 511(2), an unclassified misdemeanor, in satisfaction of all charges. On September 29, 2006, the respondent was sentenced by Judge LaPera to five years probation, a $1,000 fine, and the revocation of her license for a period of one year, with respect to the felony, and three years probation and a $500 fine with respect to the unclassified misdemeanor, terms to run concurrently.

Pursuant to Judiciary Law § 90 (4) (a), the respondent was automatically disbarred upon her conviction of a felony. Accordingly, the motion of the Grievance Committee for the Tenth Judicial District to strike her name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4) (b), based upon her conviction of a New York State felony, is granted.

PRUDENTI, P.J., MILLER, SCHMIDT, CRANE and MASTRO, JJ., concur.

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Nancy E. O'Brien, is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Nancy E. O'Brien, shall comply with this Court's rules governing the conduct of disbarred,

suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Nancy E. O'Brien, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Nancy E. O'Brien, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f).